**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **CHARLES BRICE CHAPMAN,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **CIV-26-1753-J** |
| **SHERIFF OF LUBBOCK COUNTY TEXAS IN HIS OFFICIAL CAPACITY AND ATTORNEY GENERAL OF THE STATE OF TEXAS,** | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Charles Brice Chapman, a non-prisoner appearing *pro se*,[1] brings this action pursuant to 28 U.S.C. § 2241, seeking habeas relief from a state court in Texas. (ECF No. 1). United States District Judge Bernard M. Jones II has referred this matter to the undersigned magistrate judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B)-(C). As Respondents, Petitioner names the Sheriff of Lubbock County Texas, in his official capacity and Attorney General of the State of Texas, in his official capacity. *See* ECF No. 1:1.

## I. SCREENING.

This Court must review a habeas petition and dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the

[1] The Court construes Plaintiff's *pro se* filings liberally. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

district court." Rule 4, Rules Governing Section 2254 Cases in the United States District Courts;[2] *see also Garza v. Davis*, 596 F.3d 1198, 1205 (10th Cir. 2010) (holding a federal court possesses "the discretion either to dismiss the 28 U.S.C. § 2241 petition if it appear[s] that the petitioner was not entitled to relief or to order the respondent to file a response").

## II. DISCUSSION.

Petitioner names the Sheriff of Lubbock County Texas, in his official capacity, and Attorney General of the State of Texas, in his official capacity, as Respondents in this case. *See* ECF No. 1:1.

But "[t]he federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). So, "in habeas challenges to present physical confinement-'core challenges'-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. Petitioner has not identified the warden of the facility where he is detained or named him or her as a Respondent in this case. *See id.* at 439 ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal

[2] The Court may apply the Rules Governing § 2254 Cases to habeas petitions arising under § 2241. *See Rule 1(b); Whitmore v. Parker*, 484 F. App'x 227, 231 n.2 (10th Cir. 2012) (citing *Boutwell v. Keating,* 399 F.3d 1203, 1211 n.2 (10th Cir. 2005) as holding that: "The District Court . . . acted within its discretion by applying the Section 2254 Rules to this § 2241 petition.").

control, is the proper respondent."). A § 2241 petition must also be filed in the district where the prisoner is confined. *Brace v. United States*, 634 F.3d 1167, 1169 (10th Cir. 2011); *see also Rumsfeld*, 542 U.S. at 443 ("[J]urisdiction lies in only one district: the district of confinement.").

Petitioner is not confined in this District, in fact Petitioner states he is "in prison without bars" presumably in Midland, Texas, as reflected in the return address provided by the Petitioner at filing.

## III. RECOMMENDATION AND RIGHT TO OBJECT

Accordingly, because the events or omissions giving rise to the claims and grounds occurred in the Northern District of Texas, *see* ECF No. 1, venue is proper in that Court. 28 U.S. Code § 124(a)(7).

Although this matter is subject to dismissal, a district court may cure a defect in venue by transferring the case to "any district or division in which it could have been brought" if transfer is "in the interest of justice." 28 U.S.C. § 1406(a). In this instance, transfer of this case to consider a cure to the jurisdictional defect is in the interest of justice. As such, it is recommended that this Court transfer this case to the United States District Court for the Northern District of Texas. Additionally, Petitioner's Motions (ECF Nos. 7, 10 and 12) should be addressed by the Northern District of Texas.

The Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by **October 2, 2026**, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. Petitioner is further advised that failure to make

timely objection to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *Casanova v. Ulibarri*, 595 F.3d 1120, 1123 (10th Cir. 2010).

## IV. STATUS OF REFERRAL

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED on September 15, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE